UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL TAYLOR BUTTON et al., <br><br> Plaintiffs, <br> v. <br><br> JOHN JIMISON, <br><br> Defendant. | CASE NO. 3:25-cv-05622-DGE <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER (DKT. NO. 13) |

This matter comes before the Court on Plaintiffs' motion to strike Defendant's Answer. (Dkt. No. 13.) On September 17, 2025, Defendant, who did not have counsel at the time, filed an Answer to Plaintiffs' Complaint. (Dkt. No. 12.) Defendant asserted in his Answer that he was denying the allegations set forth in paragraphs 1–11, 19–25, 26–31, 33–39, 41–53, and 55–64 of Plaintiffs' Complaint. (*Id.* at 1.) Defendant further asserted he lacked sufficient information to either affirm or deny the allegations set forth in paragraphs 12–13, 16, 32, 40, and 54 of Plaintiffs' Complaint. (*Id.*) Defendant's Answer also asserts four affirmative defenses and provides a brief response to the allegations set forth in Plaintiffs' Complaint. (*Id.* at 2.)

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER (DKT. NO. 13) - 1

1      On September 21, 2025, Plaintiffs filed the instant motion.  (Dkt. No. 13.)  Plaintiffs ask
2  the Court to strike from Defendant's Answer all "non-responsive, legally insufficient and
3  boilerplate denials and affirmative defenses" and to order Defendant to file a more definite
4  statement.  (*Id.* at 4.)  Plaintiffs further ask the Court to deem admitted all allegations that
5  Defendant failed to properly admit or deny, or, in the alternative, to strike the non-responsive
6  language and require Defendant to replead within 14 days.  (*Id.* at 5.)
7      On September 29, 2025, attorneys Jessica L. Goldman and Jesse L. Taylor entered
8  appearances on behalf of Defendant.  (Dkt. No. 14.)  On October 7, 2025, with the benefit of
9  counsel, Defendant responded to Plaintiffs' motion to strike.  (Dkt. No. 15.)  Defendant argues
10 this case is subject to Washington's Uniform Public Expression Protection Act ("UPEPA"),
11 which provides for a stay of proceedings, including discovery and pending hearings or motions,
12 on the earlier of giving notice of intent to file a UPEPA motion or the filing of such a motion.
13 Wash. Rev. Code § 4.105.020(1)(a).  Defendant asserts he provided notice of intent to file a
14 UPEPA motion to Plaintiffs on September 20, 2025.  (Dkt. No. 15 at 12.)
15     "Although UPEPA is a creature of Washington law, it can nonetheless be applied by
16 federal courts." *Lingeri v. Parker*, Case No. C25-0829-KKE, 2025 WL 2782919, at *3 (W.D.
17 Wash. Sep. 30, 2025).  However, "[p]rocedural state laws are not used in federal court if to do so
18 would result in a 'direct collision' with a Federal Rule of Civil Procedure." *Metabolife Int'l, Inc.*
19 *v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).
20     Defendant's forthcoming motion for special expedited relief under UPEPA, would, at this
21 stage, be equivalent to a motion to dismiss under Rule 12(b)(6).  *See Project Veritas v. Leland*
22 *Stanford Junior Univ.*, No. C21-1326TSZ, 2022 WL 1555047, at *3 (W.D. Wash. May 17, 2022)
23 (comparing the standards for evaluating both types of motions and concluding that UPEPA
24

"essentially mimics the language of Rule 12(b)(6) in stating the standards for courts to use when analyzing a special motion for expedited relief to dismiss based on only the legal sufficiency of the complaint.").

Here, there is a direct collision between UPEPA and the federal civil rules with respect to the procedural consequences of filing a Rule 12(b)(6) type motion.  Under the federal rules, neither notice of intent to file a motion to dismiss under Rule 12(b)(6) nor the actual filing of such a motion will automatically stay discovery, pending hearings, motions or any other proceedings in federal court.  *See Metabolife*, 264 F.3d at 846 (finding that California anti-SLAPP statute's automatic stay of discovery conflicted with Federal Rule of Civil Procedure 56 because while the anti-SLAPP statute "limits discovery and makes further discovery an exception," Rule 56 "ensures that adequate discovery will occur before summary judgment is considered.").  Accordingly, the Court cannot find that Defendant's notice of intent to file a UPEPA motion stays consideration of Plaintiffs' motion to strike or any other proceedings.

Alternatively, Defendant asks the Court to strike his entire Answer and grant him leave to amend. (Dkt. No. 15 at 6.)  Here, the Court finds the interests of justice will be served by permitting Defendant to file an Answer with the benefit of counsel. Fed. R. Civ. P. 15(a)(2). Furthermore, Defendant's request is broadly consistent with the relief sought by Plaintiffs. Accordingly, Plaintiffs' motion to strike Defendant's Answer (Dkt. No. 13) is GRANTED and Defendant's Answer is STRICKEN.  Defendant shall have **21 days** from the date of this order to file an amended Answer.

Lastly, Defendant identified that Plaintiffs' motion cites to a 2010 decision for a quoted statement that does not exist in that case. (Dkt. No. 15 at 9 n.4.)  Plaintiffs do not address this contention in their reply, which also contains quoted statements that do not appear to exist in the

cases cited by Plaintiffs. (Dkt. No. 16.) Plaintiffs' reply also appears to cite several non-existent cases and other cases that do not appear to support the propositions advanced by Plaintiffs.[1] The Court advises Plaintiffs that they are responsible for verifying that all information and all citations submitted are accurate and real pursuant to Federal Rule of Civil Procedure 11. Plaintiff should not rely on artificial intelligence programs to conduct research or draft legal arguments.

---

[1] Examples include:

- On page 11 of their reply brief, Plaintiffs quote a Ninth Circuit case for the proposition that anti-SLAPP statutes serve "to weed out meritless suits at an early stage." (Dkt. No. 16 at 11.) The Court was unable to locate the case cited by Plaintiffs, nor was the Court able to find the quote cited by Plaintiffs in any Ninth Circuit opinion.

- On pages 13 and 15 of their reply, Plaintiffs cite a Washington Court of Appeals case which purportedly states that defamatory statements about private individuals "do not become matters of public concern merely because they touch on litigation." (Dkt. No. 16 at 13, 15.) The Court was unable to locate the case cited by Plaintiffs, nor was the Court able to find the quote cited by Plaintiffs in any opinion issued by a Washington State court.

- On page 15 of their reply, Plaintiffs quote a Washington Court of Appeals case which purportedly asserts that UPEPA protects speech "on issues of legitimate public debate," not private disputes. (Dkt. No. 16 at 15.) This quote does not appear in the opinion cited by Plaintiffs.

- On page 16 of their reply, Plaintiffs quote a Tenth Circuit opinion which purportedly states that "[a] litigant may not manipulate procedure to gain tactical advantage." (Dkt. No. 16 at 16.) The Court was unable to locate the case cited by Plaintiffs, nor was the Court able to find the quote cited by Plaintiffs in any opinion issued by the Tenth Circuit.

- On page 17 of Plaintiffs' reply brief, they cite a case from the Southern District of California for the proposition that blanket denials do not comply with the pleading requirements of Rule 8. (Dkt. No. 16 at 17.) While there appears to a case by this name, the Court was unable to locate the order cited by Plaintiffs.

- In a footnote on page 17 of Plaintiffs' reply, Plaintiffs cite a case from this district for the proposition that the Court can strike an unintelligible answer. (Dkt. No. 16 at 17 n. 3.) The Court was unable to locate a case by this name from this district. The case number cited by Plaintiffs refers to an unassigned case that was administratively terminated after it was opened in error.

To address what appears to be Plaintiffs use of fictitious case law, Plaintiffs shall include on the last page of all future filings made in this case a signed certification that states: "**I have reviewed each court decision cited in this filing.  I certify that each decision cited is a valid decision and that any language quoted from a decision that is included in this filing is accurate.**"  Any pleading Plaintiffs file that cites a court decision but does not include this certification will be STRICKEN and not considered.

Dated this 17th day of October, 2025.

David G. Estudillo
United States District Judge