UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL TAYLOR BUTTON et al., <br><br>　　　　　　　　Plaintiffs, <br>　　v. <br><br>JOHN JIMISON, <br><br>　　　　　　　　Defendant. | CASE NO. 3:25-cv-05622-DGE <br><br> ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 31) |

　　　　Before the Court is the Buttons' motion to alter or amend the Court's judgment. (Dkt. No. 31.) Pursuant to Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend judgment "no later than 28 days after entry of the judgment." Motions under Rule 59(e) seek an "extraordinary remedy" that should "be used sparingly in the interests of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) (internal quotations and citation omitted). District courts may grant motions under Rule 59(e) if the moving party shows clear error in the final judgment. *Boeing Co. v. Yuzhnoye*, 791 Fed. Appx. 650, 652 (9th Cir. 2019); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 31) - 1

The Buttons' motion requests "clarification and reconsideration" concerning whether the Court treated the Buttons' decision not to file an opposition to Defendant John Jimison's UPEPA motion as "an inference of abandonment." (Dkt. No. 31 at 2–3.) The Buttons contend they sought relief by filing a motion to strike Defendant's UPEPA motion and were awaiting the Court's ruling before filing a substantive response to the UPEPA motion. (*Id.*) The Court noted the Buttons' lack of a response in its order. (Dkt. No. 29 at 7.) However, the Court informed the Buttons of the Court's local rules, which provide that litigants should comply with existing deadlines and should not assume a motion for relief will be granted. (*Id.*) The Court attempted to evaluate, to the extent possible, UPEPA-related arguments presented by the Buttons in a reply brief filed after the Buttons received notice of Jimison's intent to file the motion, but before the motion itself was actually filed. (*Id.*) However, the Court noted that many of these arguments were predicated on fictitious case law. (*Id.* at n. 3.)

The Buttons ask the Court to amend its judgment to "articulate the federal procedural basis for applying UPEPA's dismissal framework in this case" and argue they should have been granted leave to amend their complaint with additional facts and permitted further development of the record before the Court dismissed this case with prejudice. (*Id.* at 3–6.) In its order, the Court explained that UPEPA "provid[e]s a procedural scheme that disposes of such cases early and swiftly in the litigation life cycle." *Thurman v. Cowles Company*, 562 P.3d 777, 778–779 (Wash. 2025). The Court further explained that while UPEPA is a creature of Washington law, it can nonetheless be applied by federal courts. *Lingeri v. Parker*, Case No. C25-0829-KKE, 2025 WL 2782919, at *3 (W.D. Wash. Sep. 30, 2025); *Project Veritas v. Leland Stanford Junior University*, Case No. C21-1326-TSZ, 2022 WL 1555047, at *4 (W.D. Wash. May 17, 2022) (UPEPA does not conflict with the Federal Rules of Civil Procedure; "UPEPA essentially

mimics the language of Rule 12(b)(6) in stating the standards for courts to use when analyzing a special motion for expedited relief to dismiss based on only the legal sufficiency of the complaint.").

The Buttons also argue that because they are proceeding pro se and in forma pauperis, the Court should have given them an opportunity to amend their complaint before dismissing their case with prejudice. (*Id.* at 6.) However, as the Court explained in its order, the Court must dismiss an action under UPEPA with prejudice if the moving party meets its burden under the statute.

Finally, the Buttons assert their references to fictitious case law in their pleadings were "misquotations or over-summaries of legal principles" that are best categorized as "presentation errors" rather than bad faith attempts to mislead the Court. (*Id.* at 7.) The Buttons ask the Court to clarify that its dismissal "rests on legal and procedural determinations, not on any adjudicated finding of abuse of process or improper litigation conduct." (*Id.*) The Court finds this argument unpersuasive. As the Court noted in its orders, many of the citations in the Buttons' pleadings identify non-existent cases or cases which do not support the proposition advanced and appear to be the result of hallucinations generated by an artificial intelligence program.

The Court finds no clear error in its final judgment, and therefore DENIES Plaintiffs' motion. (Dkt. No. 31.)

Dated this 21st day of January, 2026.

David G. Estudillo
United States District Judge