UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MITCHELL TAYLOR BUTTON et al., | CASE NO. 3:25-cv-05622-DGE |
| Plaintiffs, | |
| v. | ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) |
| JOHN JIMISON, | |
| Defendant. | |

Before the Court is Defendant John Jimison's motion for attorney fees. (Dkt. No. 35.) For the reasons set forth below, Defendant's motion is GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, the Court assumes familiarity with the factual and procedural background summarized in prior orders. On January 20, 2026, the Court granted Defendant's motion for special expedited relief pursuant to Washington's Uniform Public Expression Protection Act ("UPEPA"). (Dkt. No. 29.) When a party prevails on a UPEPA motion the Court "shall award court costs, reasonable attorneys' fees, and reasonable litigation

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) - 1

expenses related to the motion . . . [t]o the moving party if the moving party prevails on the motion[.]" Wash. Rev. Code § 4.105.090(1).  The Court directed Defendant, as the prevailing party, to file his motion for attorney fees within 21 days.  (Dkt. No. 29.)  On February 9, 2026, Defendant filed his motion for attorney fees.  (Dkt. No. 36.)  Defendant is seeking $41,459.00 in attorney fees, including fees incurred in filing a reply and in opposing Plaintiffs' motion to stay.  (Dkt. Nos. 35, 38.)

## II.    LEGAL STANDARD

The lodestar method is "the default principle for fee calculation in Washington." *Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1119 (Wash. 1999) (Talmadge, J., concurring). Washington law presumes that a properly calculated lodestar figure represents reasonable compensation for counsel. *Henningsen v. Worldcom, Inc.*, 9 P.3d 948, 959 (Wash. Ct. App. 2000). The lodestar method multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995).  After calculating this, courts may consider twelve factors in determining whether it is necessary to adjust the presumptively reasonable lodestar figure, to the extent they are relevant. *Id.* at 252 & n.4; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992), (describing the twelve factors).  Here, the Court considers two primary factors: time and labor required (hours) and customary fee (rate).

## III.    DISCUSSION

### A.  Attorney Fees

#### 1.  Reasonableness of Defendant's Counsel's Rates

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) - 2

requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11 (1984).

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The court may also rely on its own knowledge and experience in determining what rates are reasonable. *See Salyer v. Hotels.com GP, LLC*, Case No. C13-1966-RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In support of the motion for attorney fees, Defendant submitted a declaration from Jesse L. Taylor, Defendant's counsel. (Dkt. No. 35-1.) Taylor has been licensed to practice law for approximately 10 years, and is currently a partner at the Summit Law Group, a Seattle-based law firm. (*Id.* at 1.) Taylor's rate for 2025 was $465 per hour; his rate increased to $500 per hour in 2026. (*Id.*) For this case, Taylor accepted a reduced rate of $400 per hour. (*Id.* at 2.) Defendant's other attorney, Jessica L. Goldman, has been practicing law for 33 years and is also a partner at the Summit Law Group. (*Id.*) Goldman's rate for 2025 was $650 per hour; her rate rose to $675 per hour in 2026. (*Id.* at 2.) Goldman accepted a reduced rate of $485 per hour for this case. (*Id.*) Defendant is also seeking fees for work performed by Tana Daugherty, a litigation paralegal with nearly 30 years of experience. (*Id.*) Daugherty's hourly rate for 2025 was $300, which rose to $310 per hour in 2026. (*Id.*) For this case, Daugherty's work was billed

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) - 3

at the reduced rate of $250 per hour.  (*Id.* at 2–3.)  Defendant has submitted recent orders from the King County Superior Court and the Washington Court of Appeals approving comparable rates for Taylor, Goldman, and Daugherty.  (*Id.* at 19–41.)

Plaintiffs do not argue that Defendant's requested rates are unreasonable.  (*See* Dkt. No. 37.)  Accordingly, the Court finds Defendant has produced sufficient evidence that the rates of Taylor, Goldman, and Daugherty are in line with those charged by attorneys and paralegals of comparable skill, experience and reputation in the Puget Sound.

2.    Reasonableness of Hours Expended

In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *McCown*, 565 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 434).  A district court may exclude such hours from an attorney fees motion using one of two methods.  The court may either: (1) conduct an "hour-by hour analysis of the fee request" and exclude unreasonable hours; or (2) "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Gonzalez v. City of Maywood*, 729 F.3d 1196,  1203 (9th Cir. 2013) (internal citations omitted).

The determination of fees "should not result in a second major litigation" and trial courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  The essential goal in shifting fees "is to do rough justice, not to achieve auditing perfection." *Id.*  Trial courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*  There is no precise rule or formula for making these determinations.  *Id.* at 436–437.  However, in determining an

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) - 4

appropriate attorney's fee, the "result is what matters" and the most critical factor is "the degree of success obtained." *Id.* at 435–436.

Plaintiffs argue the Court should reduce Defendant's fee award because it is excessive. Plaintiffs contend much of the work performed by Defendant's counsel was not "related to" the UPEPA motion. (Dkt. No. 37 at 8.) Plaintiffs highlight various billing entries and argue Defendant should not be able to recover fees for time spent on: (1) opposition to Plaintiffs' motion to strike Defendant's Answer; (2) review of Plaintiffs' Notice of Appeal; (3) review of Plaintiffs' motion to waive PACER fees; (4) post-judgment review; and (5) preparation of the fee petition. (*Id.*) Defendant argues all the work performed after Defendant notified Plaintiffs of the intention to file a UPEPA motion was aimed at obtaining relief under said motion and "stav[ing] off Plaintiffs' baseless efforts to sidetrack the motion." (Dkt. No. 38 at 2.)

Plaintiffs cited no authority for the proposition that this work is unrelated to the UPEPA motion, and the Court agrees with Defendant that much, if not all, of the work performed by Defendant's attorneys since they entered appearances on Defendant's behalf has been geared towards securing dismissal of this case under UPEPA. Furthermore, courts generally allow fees for preparation of a fee petition so long as those hours are reasonable and "bear a rational relation to the number of hours spent litigating the merits of the case." *Vallejo v. Astrue*, Case No. 2:09-CV-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (quoting *Spegon v. Catholic Bishop*, 175 F.3d 544, 553–554 (7th Cir. 1999)); *see also Project Veritas v. Leland Stanford Jr. Univ.*, Case No. C21-1326 TSZ, 2022 WL 3103827, at *1 (W.D. Wash. Aug. 4, 2022) (awarding fees incurred while pursing merits fees).

Plaintiffs argue Defendant's counsel engaged in "block billing" by combining multiple tasks into single time entries or failing to segregate motion-related work from other case activity.

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) - 5

(Dkt. No. 37 at 8–9.)  Plaintiffs do not point to any specific instances of block billing.

Next, Plaintiffs argue the approximately 86 hours Defendant's counsel worked on this case were excessive because this case resolved at a relatively early stage after the Court granted Defendant's UPEPA motion.  (*Id.* at 9–10.)  However, Plaintiffs do not point to any specific excessive billing entries.  *Mooney v. Roller Bearing Co. of Am., Inc.*, Case No. 2:20-cv-01030-LK, 2023 WL 6979645, *4 (W.D. Wash. Oct. 23, 2023) (the party opposing the fee petition "has the burden of refuting any hours it deems unreasonable.").

Plaintiffs argue Defendant's fee award should be reduced due to duplicative billing by two partners.  (Dkt. No. 37 at 10–11.)  "Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort."  *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).  "An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."  *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F. Supp .2d 1038, 1050 (C.D. Cal. 2006) (quoting *Johnson v. Univ. Coll.*, 706 F.2d 1205, 1208 (11th Cir. 1983)).  Plaintiffs argue "October entries reflect multiple rounds of partner review and revision of the same motion" and that the Court should reduce therefore impose a "substantial" reduction in Defendant's fee award.  (Dkt. No. 37 at 13.)  While both Taylor and Goldman worked on the UPEPA motion and other aspects of this case, Plaintiffs do not cite any specific entries that reflect an unnecessary duplication of effort.

Finally, Plaintiffs argue the hours Defendant's counsel spent working on the fee petition were excessive.  (*Id.* at 11.)  Plaintiffs contend the time spent preparing the fee petition was "disproportionate to the complexity of the filing" but offers no support for this assertion and does indicate how many excess hours should be excluded from the fee award on this basis.

The Court has reviewed the hours worked by Taylor, Goldman, and Daugherty in litigating the UPEPA motion and the instant motion for attorney fees and finds the hours worked on this case appear to be reasonable.

### B. Plaintiffs' Motion to Defer Ruling (Dkt. No. 37)

Plaintiffs ask the Court to defer ruling on Defendant's motion for attorney fees because they are appealing the Court's ruling on the underlying UPEPA motion. (Dkt. No. 37 at 12.) Plaintiffs argue this would be an efficient use of judicial resources, given the possibility that the Ninth Circuit could reverse the Court's ruling. (*Id.*) Plaintiffs also ask the Court to stay enforcement of any fee award pending appeal given Plaintiffs' indigency and the size of the requested fee award. (*Id.* at 14–15.)

"An appeal from a decision on the merits does not foreclose an award of attorney's fees by the district court." *Jorgensen v. Hows Markets LLC*, Case No. 8:21-cv-00250-JLS-ADS, 2023 WL 11926421 at *1 (C.D. Cal. Feb. 6, 2023) (citing *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983)). The district court may, in its direction, rule on the claim for fees, defer its ruling on the motion, or deny the motion without prejudice, directing a new period for filing after the appeal has been resolved. Federal Rule of Civil Procedure 54(d), advisory committee's note to 1993 amendment. "District courts have widely exercised their discretion to defer ruling on a motion for attorneys' fees or to deny the motion without prejudice pending an appeal on the merits." *Freeman Inv. Mgmt. Co. v. Frank Russell Co.*, Case No. 13-CV-2856 JLS (RBB), 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017).

Here, Plaintiffs have not pointed to any judicial efficiency concerns implicated by their appeal, beyond the possibility that the Ninth Circuit could reverse the Court's order. *See Tapia v. NaphCare Inc.*, Case No. C22-1141-KKE, 2025 WL 3294972, at *3 (W.D. Wash. Nov. 26,

2025).  Moreover, the Ninth Circuit has noted that ruling on a fee petition notwithstanding an appeal can actually promote judicial economy because it "prevent[s] postponement of fee consideration until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge," and "prevent[s] delay and duplication at the appellate level."  *Masalosalo*, 718 F.2d at 957.  Accordingly, Plaintiffs' motion to defer ruling on the fee petition is DENIED.  The Court will not stay its order pending appeal.

## IV.   ORDER

Defendant's motion for attorney fees (Dkt. No. 35) is GRANTED.  Defendant's fee award shall be $41,459.00.  Plaintiff's motion to defer ruling on the fee petition (Dkt. No. 37) is DENIED.

Dated this 19th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO. 35) - 8